**CIRCUIT COURT OF FAIRFAX COUNTY**

Schram

    v.

Home Life Ins. Co., Inc.

### February 5, 1992

### Case No. (Law) 106027

BY JUDGE RICHARD J. JAMBORSKY

This case came to be heard on December 6, 1991, on Mr. Schram's Motion for Leave to Amend. Mr. Schram seeks to amend his Motion for Judgment to include the tort claim of bad faith refusal to honor an insurance contract. Home Life Insurance Co., Inc. (Home Life) alleges that this is a "greater and graver" claim than was originally made and that if a case, such as this one, is at the stage where it is to be set for trial, such a claim may not be added. Home Life also argues, that even if it is not too late to add this claim, that the claim is preempted by the Employee Retirement Income Security Act (ERISA) 29 U.S.C. § 1001, *et seq.*, which allegedly does not provide for a private cause of action. The Court denies Mr. Schram's motion for the reasons set forth below.

Mr. Schram became insured with Home Life on or about October 25, 1989, as part of his employee benefit plan with Fisher Hardware Corporation. On or about March 12, 1990, he suffered an acute myocardial infarction, a coronary artery disease, for which he has since received medical treatment in the United States and Mexico. In April of 1990, Mr. Schram underwent urgent coronary artery bypass surgery. His acute myocardial infarction and subsequent treatment, including but not limited to the coronary artery bypass surgery were allegedly a "new" medical condition. However, the Home Life concluded that his medical problems were the result of a pre-existing condition. Home Life allegedly based its decision on notations in

Mr. Schram's medical records of "treatment" (within ninety days of becoming insured) for carotid artery stenosis and hyper-cholesterolemia. This "treatment" constituted low dose aspirin and a low cholesterol diet. Mr. Schram alleges that the doctors prescription was not for coronary artery disease.

Mr. Schram alleges that Home Life did not receive an opinion or review from any medical doctor before it sent the letter, which stated that coverage would be denied, to Mr. Schram's counsel.

Mr. Schram, through counsel, requested that Home Life recon-sider its coverage determination. Home Life continues to deny cov-erage.

Mr. Schram, in his Amended Motion for Judgment, alleges that Home Life breached its policy, that the breach was tortious in that it was in bad faith, and that the breach resulted in the financial detri-ment of Mr. Schram. He seeks $30,000 in damages plus $300,000 in punitive damages. Home Life admits the denial of Mr. Schram's claim but denies that denial was improper. It also alleges that the Motion for Judgment fails to state a claim for which relief can be granted because the cause of action for breach of contract is pre-empted by provisions of the ERISA.

Mr. Schram's motion is not denied because it was untimely filed. Amendments that do not prejudice the defendant are to "be liberally granted." Rule 1:8, Va. Sup. Ct. Mr. Schram's original Motion for Judgment alleged that Home Life "has not acted in good faith by acting in furtherance of its own interest, with intentional or reckless disregard for the rights and financial condition of Plaintiff." These allegations sound in tort, thus Home Life was put on notice that Mr. Schram intended to state a cause of action in tort. The mere separa-tion of the contract and tort claim in the amended motion does not raise new facts nor require a different approach to discovery.

Home Life misconstrues the purposes of the "fast-track" system when it argues that the system would disallow amendments to plead-ings just because the case has reached a certain stage. Though the "fast-track" system was developed to allow for the expeditious res-olution of cases, its purpose is certainly not to thwart the ability of parties properly before the court to have valid claims heard.

However, Mr. Schram is precluded from bringing a private cause of action in tort by ERISA. As Home Life states in its memorandum, the respective rights of the Plaintiff and the potential liability of

Home Life are governed by ERISA. This is because the major medical benefits sought to be obtained by Mr. Schram would be available to him through his employer as part of an employee welfare benefit plan. 29 U.S.C. § 1002(1)(A). ERISA supersedes any state laws as they relate to employee benefit plans, unless specifically exempted. 29 U.S.C. § 114(A). Section § 1144(B)(2)(A) states that:

> Except as provided in subparagraph (B), nothing in this title shall be construed to exempt or relieve any person from any law of any state which regulates insurance, banking, or securities.

However, § 1144(b)(2)(B) indicates that the employee benefit plan that Mr. Schram was entitled to is *not* to be considered as "an insurance company or to be engaged in the business of insurance . . . for purposes of any law of any State . . ." because it is not exempted, or has not been alleged to be exempted, under § 1003(b). This is an important point because the Court believes that this is where Mr. Schram misinterpreted the applicable statutes. If the employee welfare benefit plan had been exempted, then it would have been deemed to be an insurance company. The McCarran-Ferguson Act, 15 U.S.C. §§ 1011–1015, would have come into play. The McCarran-Ferguson Act leaves to the states the authority to pass laws that regulate the business of insurance, that is acts done by the insurance industry that are peculiar to that industry. 15 U.S.C. § 1012. Because the granting or denial of coverage is an act peculiar to the insurance industry, regulation of this aspect of insurance would not be superseded by federal law. Therefore, because Virginia recognizes the tort of bad faith refusal, Mr. Schram would, perhaps, have had a claim.

In this case, because the plan in question is an employee welfare benefit plan, any Virginia cause of action is superseded by federal law. The federal act does not provide for a private cause of action and, in fact, eliminates the private cause of action by exempting the plan from § 1144(b)2(A). Mr. Schram's remedy under ERISA is provided exclusively by 29 U.S.C. § 1132(a)(1)(B). Thus, the amended cause of action Mr. Schram intends to bring does not exist it.

Both Mr. Schram and Home Insurance discussed the cause of action for bad faith refusal raised in insurance claims. *See A&E Supply Co. v. Nationwide*, 798 F.2d 669 (4th Cir. 1986), and *Hutson v. State Farm Mutual*, Fairfax Law No. 7277773 (1986) (per Brown, J.). Those cases are distinguishable because they did not involve an em-

ployee benefit plan, but rather, first party insurance. Also *Hutson* relied on *Aetna Casualty and Surety Co. v. Price*, 206 Va. 749 (1966), which was decided before 29 U.S.C. § 1144 came into effect.

Thus, because a private cause of action does not exist for bad faith refusal of employee benefits under ERISA, the Motion to Amend is denied.